**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Physics, Materials, and Applied Mathematics Research LLC, | No. CV-20-00379-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Jeremy Yeak, et al., | |
| Defendants. | |

Before the Court are Defendants' two Motions for Judgment as a Matter of Law under Rule 50(b) (Docs. 314 and 315). For the following reasons, the Court will deny both motions.

**I.     Legal Standard**

To succeed on a Rule 50(b) motion, the movant must show that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on" a particular "issue." Fed. R. Civ. P. 50(a)–(b). In assessing such a motion, courts "view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Shafer v. Santa Barbara Cnty.*, 868 F.3d 1110, 1115 (9th Cir. 2017) (internal quotations omitted). "The test [on a Rule 50(b) motion] is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (quotations and citation omitted). The movant's

burden is a heavy one: even where there is sufficient conflicting evidence, or reasonable minds could differ over the verdict, the verdict will be upheld. *Harper v. City of L.A.*, 533 F.3d 1010, 1021–22 (9th Cir. 2008).

## II.     Motion on Plaintiff's Breach of Duty of Loyalty Claim as it Relates to Misappropriation of Trade Secrets (Doc. 314).

Defendants seek judgment as a matter of law under Fed. R. Civ. P. 50(b) on Plaintiff's breach of duty of loyalty claim as it relates to the misappropriation of trade secrets. Doc. 314 at 1. Defendants argue (1) Plaintiff's claim for breach of duty of loyalty undergirding the claim for misappropriation is preempted by statute, (2) the preemption issue is not alleviated by the final jury instructions or final verdict form, and (3) Defendants are entitled to a new trial to cure this error. Doc. 314. Plaintiff opposes the motion and alleges (1) Defendants have not met their burden for requesting a new trial, (2) nothing from the record indicates the jury exclusively considered misappropriation when finding Yeak liable for breach of duty of loyalty, and (3) Defendants waived the argument that the Court failed to properly instruct the jury because Defendants stipulated to the jury instructions. Doc. 321.

The Court will deny Defendants' Rule 50(b) Motion (Doc. 314) because the jury had sufficient evidence to find Defendant Yeak breached his duty of loyalty to PM&AM entirely apart from evidence of Yeak's trade secret misappropriation. The jury was instructed:

> The duty of loyalty that Defendant Dr. Yeak owed to PM&AM included the following: (1) a duty to act in PM&AM's best interests in all conduct within the scope of his employment; (2) a duty not to compete with PM&AM during his employment; (3) a duty not to act on behalf of or assist PM&AM's competitors, including Defendant Opticslah; (4) a duty not to use PM&AM's property for Dr. Yeak's own purpose or the purpose of a third party or competitor, including Opticslah; (5) a duty not to use, disclose, or communicate PM&AM confidential information for Dr. Yeak' s own purposes or the purpose of a third party, including Opticslah; and (6) a duty not to acquire a material benefit from a third party in connection with actions taken on behalf of PM&AM.

Doc. 294 at 20. At trial, the parties presented evidence that Yeak dissuaded PM&AM from

pursuing certain SBIR grants; Yeak competed with PM&AM by applying through Opticslah for his SBIR grants related to work Yeak had been doing for PM&AM; Yeak acted on behalf of Opticslah, a competitor of PM&AM, while still employed by PM&AM; Yeak used PM&AM's lab for Opticslah's purposes; and Yeak used PM&AM's confidential information to benefit Opticslah. *See, e.g.*, Doc. 313 at 5–8 (summarizing evidence presented at trial). Any one of these actions would have been sufficient for the jury to find Yeak breached his duty of loyalty to PM&AM. Thus, the motion will be denied.

### III.   Motion on All of Plaintiff's Claims Related to "The Average of Three"

Defendants seek judgment as a matter of law under Fed. R. Civ. P. 50(b) on "all claims based on PM&AM's purported ownership of 'the Average of Three'" data. Doc. 315 at 1. Defendants argue (1) the University of Arizona owns the data under law and subcontract, (2) the SBIR website provides that a subcontractor "owns the SBIR Data that it generates," and (3) this error can only be cured by granting a new trial. Doc. 315 at 2–5. Plaintiff opposes the motion because (1) substantial evidence supports PM&AM's ownership over the Average of Three trade secret and (2) the subcontract did not grant any flow-down rights for the Average of Three data. Doc. 333. In reply, Defendants argue (1) Plaintiff cannot raise new arguments that were not raised under the Rule 50(a) motion[1] and (2) the plain language of the subcontract and SBIR tutorial support Defendants' position. Doc. 324.

The Court will deny Defendants' Rule 50(b) Motion (Doc. 315) for the reasons set forth in Plaintiff's response in opposition (Doc. 333), which the Court finds persuasive and correct. The subcontract and witness testimony[2] presented at trial were sufficient for the

---

[1] Defendants cite *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) for this proposition. But this case law applies only to new arguments raised in a Rule 50(b) *motion*, not arguments raised in a *response*. Nonetheless, Plaintiff's "one argument in response to Defendants' Rule 50(a) motion on this issue" is sufficient to deny Defendants' Rule 50(b) motion. Doc. 324 at 2.

[2] Defendants also argue the law—amounting to an FAQ section from the government's SBIR website—disproves PM&AM's ownership of the Average of Three data. Doc. 315 at 3–5; *see also* Doc. 315-1 at 37–40. Not only was the FAQ section not presented to the jury, but nothing in the FAQ section bars an SBIR-grantee and subcontractor from negotiating a different arrangement for allocation of data rights. Indeed, the FAQ section alludes to a scenario where an SBIR-grantee might pay a subcontractor "later to retrieve full ownership of the technology." Doc. 315-1 at 40.

jury to find that Plaintiff owns the Average of Three trade secret and related data. *See* Doc. 333 at 2–6. Thus, the motion will be denied.

## IV.   ORDER

Accordingly,

**IT IS ORDERED denying** Defendants' Rule 50(b) Motion on Plaintiff's Breach of Duty of Loyalty Claim as it Relates to Misappropriation of Trade Secrets (Doc. 314).

**IT IS FURTHER ORDERED denying** Defendants' Rule 50(b) Motion on All of Plaintiff's Claims Related to "The Average of Three" (Doc. 315).

Dated this 11th day of July, 2024.

John C. Hinderaker
United States District Judge